IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| UNITED STATES OF AMERICA | Case No. 5:10CR15 |
|---|---|
| v. | |
| LORIE ANN TAYLOR KELLER | |

**NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

COMES NOW the United States of America, pursuant to 18 U.S.C. 3593(a), by and through its undersigned counsel, and notifies the Court and the defendant, LORIE ANN TAYLOR KELLER, in the above-captioned case that the Government believes the circumstances of the offenses charged in Counts 3, 8, 9, 10, 11, and 12 of the Indictment are such that, in the event of the defendant's conviction on any one of those counts, a sentence of death is justified under Chapter 228 (sections 3591 through 3598) of Title 18 of the United States Code, and that the Government will seek the sentence of death for these offenses, each of which carries a possible sentence of death.

The Government proposes to prove the following factors as justifying a sentence of death for the offenses charged in Counts 3, 8, 9, 10, 11, and 12 of the Indictment, the allegations of which are fully realleged and incorporated herein by reference:

A.  <u>Statutory Proportionality Factors Enumerated Under 18 U.S.C. §3591(a)(2)(A)-(D)</u>

    1.  <u>Intentional Killing</u>.  The defendant intentionally killed Dennis Taylor, Allaina Whetzel Taylor, and Kaylee Whetzel.  Section 3591(a)(2)(A).

1

2. <u>Intentional Infliction of Serious Bodily Injury</u>. The defendant intentionally inflicted serious bodily injury that resulted in the death of Dennis Taylor, Allaina Whetzel Taylor, and Kaylee Whetzel. Section 3591(a)(2)(B).

3. <u>Intentional Acts to Take Life or Use Lethal Force</u>. The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a direct result of the act. Section 18 U.S.C. § 3591(a)(2)(C).

4. <u>Intentional Acts In Reckless Disregard for Life</u>. The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act. Section 18 U.S.C. § 3591(a)(2)(D).

B. <u>Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c)</u>.

With respect to **Counts 3, 8, 9, 10, 11 and 12**:

1. <u>Substantial Planning and Premeditation</u>. The defendant committed the offense after substantial planning and premeditation to cause the death of a person. Section 3592(c)(9).

2. <u>Multiple Killings</u>. The defendant intentionally killed or attempted to kill more than one person in a single criminal episode. Section 3592 (c) (16).

With respect to **Counts 3, 11 and 12** only:

3. <u>Vulnerable Victim</u>. The defendant committed the offense against a victim, five-year-old Kaylee Whetzel, who was particularly vulnerable due to youth. Section 3592(c)(11).

2

With respect to **Count 8** only:

    4.    <u>Pecuniary Gain</u>.  The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.  Section 3592(c)(8).

**C.**    **<u>Other, Non-Statutory Aggravating Factors Identified Under 18 U.S.C. §3593(a)(2) and §3592(c)(16)</u>**

The non-statutory aggravating factors which the Government will seek to prove as further bases for imposition of the death penalty in this matter are as follows:

    1.    <u>Victim Impact</u>.  The defendant caused injury, harm, and loss to the friends and family of Dennis Taylor, Allaina Whetzel Taylor, and Kaylee Whetzel because of Dennis Taylor's, Allaina Whetzel Taylor's and Kaylee Whetzel's personal characteristics as individual human beings and the impact of their death upon their families and friends.  See *Payne v. Tennessee*, 501 U.S. 808 (1991).  The surviving friends and members of the victims' families have been deprived of the benefits of having Dennis Taylor, Allaina Whetzel Taylor, and Kaylee Whetzel in their lives.  As a result, their lives have changed and they have experienced significant emotional trauma.  The United States will present information concerning the decedents' personal characteristics, as well as the effect of these offenses on their friends and family members, as well as any other relevant information.

    2.    <u>Mutilation of the Victims' Bodies by Fire.</u>  The defendant committed the murders inside the home of Dennis Taylor and Allaina Whetzel Taylor.  In an effort to conceal evidence of her crimes, the defendant and her co-conspirator set the home on fire, charring and mutilating the victims' bodies.  The fire caused severe trauma to the victims' families, who were unable to hold a traditional funeral given the condition of the victims' bodies.

3.　　Obstruction of Justice. The defendant attempted to obstruct and impeded the investigation of these offenses in several specific ways. First, the defendant and her co-conspirator killed Allaina Whetzel Taylor and Kaylee Whetzel in part because they were eyewitnesses to the murder of Dennis Taylor. They were motivated in whole or in part to kill these two victims as a means to prevent them from being apprehended for the murder of Dennis Taylor. The defendant and her co-conspirator attempted to destroy physical evidence of these offenses by burning the residence in which they occurred. They also destroyed the weapon used to kill Dennis Taylor, Allaina Whetzel Taylor and Kaylee Whetzel and discarded clothing, ammunition, a lighter, and other physical evidence. They attempted to establish a false alibi (see below) and made false statements to police in the aftermath of these events. Defendant Lorie Ann Taylor Keller attempted to persuade her co-conspirator to commit suicide as a means to falsely suggest that he was solely responsible for these murders. After her incarceration in this matter, the defendant attempted to persuade another inmate to record a conversation with an innocent third party that could be used to falsely accuse that third party for these murders. All of these events constituted a consistent effort by the defendant to cover up her actions and evade detection and prosecution.

4.　　Manipulation and Use of Minor Children. The defendant enlisted the aid of her own minor children to unwittingly aid her in the planning and cover up of the murders. The defendant asked her oldest daughter, Sierra Taylor, to take photographs and draw a diagram of Dennis and Allaina Taylor's home. Sierra did as her mother asked, and the defendant's minor son Dalton Taylor assisted in the preparation of the diagram. These actions involved both children in the preparation for the murder of their own father Dennis Taylor. The defendant also

asked all three of her children to provide a false alibi as to her whereabouts on the night of the murders.

The government gives further notice that in support of imposition of the death penalty it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Indictment as they relate to the background and character of the defendant, her moral culpability and the nature and circumstances of the offenses of conviction.

DATE:  December 29, 2011

>Respectfully Submitted,
>
>TIMOTHY J. HEAPHY
>United States Attorney
>
>s/ Jeb T. Terrien
>JEB T. TERRIEN (Virginia 41959)
>Assistant United States Attorney
>116 North Main Street, Ste. 130
>Harrisonburg, Virginia 22802

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF System this day, December 29, 2011, which provides electronic notice to all parties.

>s/Jeb T. Terrien
>JEB T. TERRIEN  (Virginia 41959)
>Assistant United States Attorney