IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:10-cr-00015 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| LORIE ANN TAYLOR KELLER | ) | United States District Judge |
| | ) | |

**MEMORANDUM OPINION**

Defendant Lorie Ann Taylor Keller filed a motion pertaining to the order of restitution in this case.  (Dkt. No. 381.)  The court issued an order denying defendant's motion to the extent she sought to vacate the restitution order (Dkt. No. 384), and, instead, the court construed her motion as a motion to adjust the restitution payment schedule pursuant to 18 U.S.C. § 3664(k).  The government responded and moved to seal an exhibit submitted in response to defendant's motion.  (Dkt. Nos. 385 and 386.)  For the reasons set forth below, the government's motion to seal will be granted and Keller's motion to adjust her restitution payment schedule will be denied.

Beginning in the spring of 2009, Lorie Keller and her co-defendant, Nakia Heath Keller, began discussing their desire to kill Dennis Taylor, Lorie Keller's ex-husband and father of her three children.  (PSR ¶ 6, Dkt. No. 252.)  On October 23, 2009, Lorie and Nakia traveled from Virginia to the residence of Dennis Taylor and his wife Allaina Taylor, located in Hardy County, West Virginia.  Lorie and Nakia entered the residence and, with a Jennings 9mm handgun, killed Dennis Taylor, Allaina Taylor, and Allaina's five-year-old daughter from a previous marriage.  (*Id.* at ¶ 8.)

As part of the criminal judgment of conviction that was entered in 2012, defendant was ordered to pay $11,521.59 in restitution to Michael Whetzel, father of child, for the child's funeral expenses. The obligation is joint and several with the obligation of Nakia Keller. (Dkt. No. 254.) Defendant was sentenced to a total term of life imprisonment for her involvement in the three deaths.

The Mandatory Victims Restitution Act (MVRA) provides that for any defendant convicted of certain enumerated offense categories, the sentencing court is required to order the defendant to pay restitution in accordance with 18 U.S.C. § 3664. *See United States v. Grant*, 715 F.3d 552, 554 (4th Cir. 2013) (citing 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii), (d)). The MVRA also requires that the restitution order "provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." § 3664(k). Once the victim or victims owed restitution are also notified,[1] and the court finds that a material change has indeed occurred, the court is authorized to adjust the payment schedule "as the interests of justice require." *Id.*

The court ordered defendant to make a $1,500.00 lump sum payment toward her restitution obligation and to pay the remainder in monthly installments of $50. (Dkt. No. 254 at 7.) Defendant never made the lump sum payment, and for years, she has periodically failed to make the $50 monthly payments. (Dkt. No. 385-1.) Defendant argues that her financial circumstances have changed because she has been unable to work in prison due to COVID-19, and COVID-19 has also put a financial strain on her elderly parents who care for defendant's three children.

---

[1] The court directed the government to notify Michael Whetzel of the filing of this motion and to certify such notice pursuant to § 3664(k). (Dkt. No. 384.) Mr. Whetzel strongly opposes the request.

When she was sentenced, defendant reported no assets or income, and she had five accounts in collection status with an outstanding balance of $3,892. (PSR ¶ 72.) As a result, defendant cannot argue that her financial circumstances have changed for the worse now that she is in prison. Moreover, defendant was sentenced to four consecutive life sentences plus 120 months consecutive. Clearly, the court knew that all restitution payments would be made by defendant during her incarceration. While in prison, defendant has received significant deposits from various individuals to her inmate trust account, including regular deposits from her mother. (Inmate Trust Account Transactions, Ex. B.) Records also indicate that defendant worked in March, April, and June of 2020, and began working again in January 2021. (Dkt. No. 385-2.) Finally, defendant's children are now adults, so complaints about the need to support them are unavailing. (*See* PSR ¶ 60 (stating age of children).) In sum, defendant has not demonstrated a material change in economic circumstances that would negatively impact her ability to make restitution payments under the current schedule.

Regarding the motion to seal, the government moves to file under seal Exhibit B to its opposition to defendant's motion. This document contains financial information regarding the funds in defendant's inmate trust account, including names and addresses of individuals who wired money into defendant's inmate trust account. The court finds that publicly filing this information would invade the privacy of those individuals. Therefore, the court will grant the motion to seal.

Based on the foregoing, the court will deny defendant's motion to modify her restitution payment schedule and grant the government's motion to seal. The court will issue an appropriate order.

Entered: May 16, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge